215 F.2d 870
 94 U.S.App.D.C. 341
 JOINT ANTI-FASCIST REFUGEE COMMITTEE
v.
BROWNELL, Jr., Attorney General of United States, et al.
(two cases).
NATIONAL COUNCIL OF AMERICAN-SOVIET FRIENDSHIP, Inc., et al.
v.
BROWNELL, Jr., Attorney General of United States, et al. (two cases).
 Nos. 11591, 11592, 12269, 12270.
 United States Court of Appeals, District of Columbia Circuit.
 Reargued July 9, 1954.
Decided Aug. 5, 1954.
Petition for Rehearing Denied Oct. 13, 1954.
 
 Mr. Joseph Forer, Washington, D.C., with whom Messrs. Benedict Wolf, Martin Popper, New York City, and David Rein, Washington, D.C., were on the brief for appellants.
 Mr. Donald B. MacGuineas, Attorney, Department of Justice, Washington, D.C., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court with whom Edward H. Hickey, Attorney, Department of Justice, and Leo A. Rover, U.S. Atty., Washington, D.C., were on the brief for appellees.
 Mr. Samuel D. Slade, Attorney, Department of Justice, and Mr. Lewis A. Carroll, Asst. U.S. Atty., Washington, D.C., entered an appearance for appellees.
 Mr. William R. Glendon, Asst. U.S. Atty., Washington, D.C., at the time record was filed, entered an appearance for appellees in Nos. 11591 and 11592.
 Before WILBUR K. MILLER, PRETTYMAN and DANAHER, Circuit judges.
 DANAHER, Circuit Judge.
 
 
 1
 Cases No. 11591 and 11592 first came before us on appeals from orders of the District Court entered on July 2, 1952 denying appellants' respective motions for preliminary injunctions to restrain [94 U.S.App.D.C. 342] the appellees from designating them as communist organizations.[1]
 
 
 2
 The complaint of the Joint Anti-Fascist Refugee Committee had been filed February 10, 1948 seeking a declaratory judgment and equitable relief. The complaint of the National Council of American-Soviet Friendship, Inc., filed June 29, 1948, sought a declaratory judgment and otherwise contained claims for relief substantially similar to that sought in the other action. The respective appellants particularly complained that their designation by the Attorney General was invalid.[2]
 
 
 3
 After the above-mentioned appeals had been argued in this court, but before decision of the narrow issue as to whether the District Court had abused its discretion in denying the motions for injunctions pendente lite, the District Court heard argument upon the Government's motion to dismiss the cases for failure to state claims upon which relief might be granted. On April 6, 1954 the District Court dismissed on the ground that the actions had become moot, but did not find it necessary to pass upon certain additional and independent grounds for dismissal upon which the Government also relied. From the District Court's order of dismissal Joint Anti-Fascist Refugee Committee on June 14, 1954 filed its appeal No. 12269 and National Council of American-Soviet Friendship, Inc., et al. filed its appeal No. 12270. This court ordered the last mentioned appeals consolidated with the cases already pending here. We heard argument upon the various appeals as thus consolidated.
 
 
 4
 We are satisfied that the trial judge fairly balanced the equities of the parties and the public interest and that there was no abuse of his discretion in denying the motions for injunctions pendente lite. The Government, now as before, contends that the cases are moot because pending appeal, Executive Order No. 9835[3] pursuant to which appellants had been 'designated' was revoked by Executive Order No. 10450.[4] Were the contention of the Government to be considered with reference to the claim for injunctive relief alone, we would feel constrained to agree with the District Court that the cases had become moot. That is not the situation, however, as to the claim for declaratory relief. The factual and constitutional grounds upon which appellants first sought relief have persisted throughout, although it is clear from the action of the Supreme Court[5] that consideration of the constitutional questions might be deferred until after the District Court shall have examined into and determined the factual basis upon which the original designations had been made by the Attorney General.
 
 
 5
 Executive Order No. 10450 by its terms was not to become effective until thirty days after its date, April 27, 1953. The rules of Procedure issued pursuant thereto[6] contained certain provisions which are pertinent here. They here. They provided that the designations made pursuant to Executive Order No. 9835 'shall continue in effect unless the administrative process herein provided it invoked by the organization affected,'[7] and they set forth an administrative procedure to [94 U.S.App.D.C. 343] be followed whereby an organization previously designated might contest such designation. The rules provided, inter alia,[8] that '(W)ithin ten days after the effective date of Executive Order No. 10450 of April 27, 1953, each organization which has been designated by the Attorney General pursuant to Paragraph 3 of Part III of Executive Order No. 9835 of March 21, 1947, may file with the Attorney General, Department of Justice, Washington, D.C., a written notice that it contests such designation. Failure to file a notice of contest within such period shall be deemed an acquiescence in such designation.' Both of these appellants by their letter of May 8, 1953 advised the Attorney General of their rejection of the opportunity to initiate steps to achieve the administrative remedy afforded them under the rules. No doubt they sought by that device to exempt themselves from an apparent 'acquiescence in such designation.'
 
 
 6
 Throughout, the appellants have contested the validity of their designation on the Attorney General's 'list' without notice and hearing. Irrespective of whether they were designated under Executive Order No. 9835, as amended, or whether the designation was continued under Executive Order No. 10450, they have protested and have sought a declaratory judgment that their designation as communist organizations was in violation of their rights.
 
 
 7
 Thus, the District Court erred in dismissing the actions as moot for a controversy remains. In view of the protracted litigation and the nature of the issues, the Supreme Court's action upon the substantial questions presented to it, and because of the possibility that it might be urged that appellants' time to seek administrative review under the rules has expired, the appellants will be given ten days from the date of the District Court's order upon remand within which to avail themselves of the opportunity for administrative review provided in the rules. If they fail to exhaust the administrative remedy open to them, our reversal will be without prejudice to the Government's renewal before the District Court of its motion to dismiss the actions upon the additional grounds previously urged but not considered in the April 6, 1954 order.
 
 
 8
 Affirmed in No. 11591 and No. 11592, and reversed and remanded in No. 12269 and No. 12270.
 
 
 
 [1]
 Notice of appeal was filed July 21, 1952; after various extensions here both appellants sought certiorari January 31, 1953, unsuccessfully. This court consolidated the appeals by order dated March 2, 1953; August 25, 1953, we denied appellees' motion to dismiss as moot without prejudice to a renewal at the hearing on the merits
 
 
 [2]
 The history of this litigation is fully set forth in the memorandum opinion of the District Court and therefore need not be recounted here. Joint Anti-Fascist Refugee Committee v. McGrath, D.C.D.C. 1952, 104 F.Supp. 567
 
 
 [3]
 12 Fed.Reg. 1935, as amended, 16 Fed.Reg. 3690, 5 U.S.C.A. § 631 note
 
 
 [4]
 18 Fed.Reg. 2489, 5 U.S.C.A. § 631 note
 
 
 [5]
 Joint Anti-Fascist Refugee Committee v. McGrath, 1951, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817
 
 
 [6]
 18 Fed.Reg. 2619
 
 
 [7]
 Idem, Sec. 41.11
 
 
 [8]
 Idem, Sec. 41.1(a)