NATIONAL COUNCIL OF AMERICAN-SOVIET FRIENDSHIP, Inc., et al., Plaintiffs,

v.

Herbert BROWNELL, Jr., et al., Defendants.

Civ. A. No. 2663-48.

United States District Court
District of Columbia.
Nov. 15, 1955.

David Rein, Joseph Forer, Washington, D. C., for plaintiffs.

Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Edward H. Hickey, Dyer J. Taylor, Attys., Dept. of Justice, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

This cause came on to be heard on defendants' motion to dismiss, or in the alternative, for summary judgment.

In 1948, plaintiffs filed a complaint against defendants attacking the validity and application of Executive Order No. 9835 issued in March, 1947, 5 U. S.C.A. § 631 note, which established the President's Employees' Loyalty Program in the Executive Branch of the Government. Plaintiffs sought injunctive relief to restrain the designation and publication of The National Council of American-Soviet Friendship, Inc. as "communist"; to have the name removed from the list; and to prevent further action based on the inclusion of the name in the list. Plaintiffs also sought a declaratory judgment declaring the actions of defendants illegal, and Part III, Section 3, and Part V, Section 2 of the Executive Order No. 9835 unconstitutional. These sections of the Executive Order authorized the Attorney General to furnish the Chairman of the Loyalty Review Board of the Civil Service Commission with a list of organizations which he had designated. Copies of the list were in turn transmitted by the Chairman to various agencies of the executive branch of the Government. The list was to be used in determining refusal of or removal from employment in an executive department or agency.

Executive Order No. 9835 was replaced by Executive Order No. 10450, 5 U.S.C.A. § 631 note, which became effective May, 1953. It differs from its predecessor in many ways, but most generally in that employment or retention in the federal service is keyed to interests of national security rather than that of loyalty to the Government of the United States. On April 29, 1953, the National Council of American-Soviet Friendship was redesignated under the new order and the Attorney General prescribed rules of procedure by which the redesignated organizations were afforded opportunity to be heard and to contest the designation. The rules of procedure were published in the Federal Register on May 6, 1953.

Plaintiffs did not seek to be heard. In a letter to the Attorney General, dated May 8, 1953, attorneys for plaintiffs announced their intention to ignore the administrative hearing. They alleged that it would be virtually impossible to obtain an impartial and comprehensive administrative hearing since they had already been listed and the Attorney General had expressed himself as to the nature of the organization. Subsequently, defendants moved to dismiss plaintiffs' action charging, among other things, that the controversy as to the listing was moot since Executive Order No. 10450 had revoked the President's Federal Employees' Loyalty Program. The motion to dismiss was granted in the District Court. On August 5, 1954, Joint Anti-Fascist Refugee Comm. v. Brownell, 94 U.S.App. D.C. 341, 215 F.2d 870, the Court of Appeals reversed the dismissal on the ground that there was a controversy between plaintiffs and defendants even though Executive Order No. 9835 was revoked by Executive Order No. 10450, but without prejudice to defendants to renew their motion to dismiss if plaintiffs did not avail themselves of the administrative remedy provided within ten days from the date of the District Court's order upon remand.

It appears that since the plaintiffs have not pursued the administrative remedy, under the Attorney General's rules such action must be held to constitute an acquiescence in the designa-

tion. We do not believe that plaintiffs were entitled to assume, as they did, that the administrative hearings would be a sham. Likewise, we cannot assume, it not appearing, that the type of hearing provided would not comply with that required by the Fifth Amendment to the Constitution. While it is true that the Attorney General had filed an affidavit to the effect that the listing had been made after careful study and consideration of reports of the Federal Bureau of Investigation, plaintiffs were given the opportunity to disprove such statements. To accept plaintiffs' refusal to do so, we would have to assume that the Attorney General would not alter his conclusion even if presented with facts to warrant such a change. This we cannot, nor will we do.

The Attorney General was not legally obligated to answer plaintiffs' letter. He was not obligated to make plaintiffs an exception to general adminstrative procedure. Plaintiffs were not entitled to assume, especially in view of the mandate of the Court of Appeals in this case and the recent decision in National Lawyers Guild v. Brownell, 96 U.S.App.D.C. 252, 225 F.2d 552, that refusal to take advantage of available administrative remedies would not preclude them from obtaining judicial review of the controversy in question. See Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933, Joint Anti-Fascist Refugee Committee v. McGrath, 1951, 341 U.S. 123, 162–163, 172, 71 S.Ct. 624, 95 L.Ed. 817, and Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834.

It appearing that plaintiffs have neither availed themselves of, nor exhausted their administrative remedy within ten days from the date of the District Court's order upon remand, it is by the Court this 15th day of November, 1955,

Ordered that defendants' motion for summary judgment be and the same is hereby granted. Defendants' motion to dismiss is rendered moot.