Paul ROBESON, Appellant,

v.

John Foster DULLES, Secretary of
State, Appellee.

No. 12983.

United States Court of Appeals
District of Columbia Circuit.

Argued March 8, 1956.

Decided June 7, 1956.

Writ of Certiorari Denied Nov. 5, 1956.

Mr. Leonard B. Boudin, New York
City, with whom Mr. James T. Wright,
Washington, D. C., was on the brief, for
appellant.

Mr. Benjamin Forman, Atty., Dept. of
Justice, with whom Mr. Leo A. Rover, U.
S. Atty. at the time the record was filed,
and Messrs. Paul A. Sweeney and B.
Jenkins Middleton, Attys., Dept. of Jus-
tice, were on the brief, for appellee.

Mr. Ralph E. Powe, Philadelphia, Pa.,
filed a brief on behalf of Dr. W. E. B.
Du Bois, Dr. Alphaeus Hunton, Dr. Her-
bert Aptheker, Eslanda Goode Robeson,
Rev. Charles Hill and Dr. Samuel Sillen,
as amici curiae, urging reversal.

Before EDGERTON, Chief Judge, and
PRETTYMAN, WILBUR K. MILLER,
BAZELON, FAHY, WASHINGTON,
DANAHER and BASTIAN, Circuit
Judges, sitting in banc.

PRETTYMAN, Circuit Judge.

Appellant Robeson applied for a pass-
port. It was refused—tentatively re-
fused, the Government says. He brought
a civil action in the District Court pray-
ing judgment that he is entitled to a
passport and that certain regulations of
the Secretary of State and rules of the
Board of Passport Appeals are invalid
because in violation of statute, the Con-
stitution, and the Declaration of Human
Rights. The complaint also prayed for a
decree enjoining the Secretary from con-
tinuing to deny a passport and directing
him to issue one. The District Court
granted summary judgment for the Sec-
retary and dismissed the complaint.

When Robeson applied for a passport
on July 29, 1953, he was informed by let-
ter that issue of the passport "would ap-
pear" precluded under the regulations
by reason of alleged Communist affilia-
tions and activities. He was advised he
had a right to seek further review by
the Passport Office by conforming with
certain regulations. Robeson made no
answer to that letter. When he applied
for a passport a year later, July 7, 1954,
he was given the same information and
again failed to reply. When he later

amended his application he was advised by wire that in the absence of reply to its previous letter the Department was forced to assume he considered himself ineligible under the regulations. Robeson replied that the regulations were invalid and he intended to seek judicial relief. The Department again wrote Robeson advising it would be necessary for him to proceed in accordance with the regulations if he wished further consideration by the Department. He replied, declining to execute an affidavit concerning present or past membership in the Communist Party, which affidavit he understood to be one of the prerequisites, under the regulations, to informal hearing in the Passport Office. He asked for a final decision. The Department wrote him that failure to execute the affidavit did not preclude the informal hearing afforded by the regulations but that at such a hearing he would be expected to answer questions concerning past and present membership in the Communist Party and later to confirm his oral statements in an affidavit. Robeson made no reply to this letter but instead filed his civil action.

In later oral conferences at the Passport Office Robeson affirmed his position that the regulations are invalid and that he would not execute the required affidavit.

██ Robeson failed to exhaust his administrative remedies. We think he was required to do so. He did not ask for a hearing but instead asserted the invalidity of the regulation providing for one.[1] We cannot assume the invalidity of a hearing which has not been held or the illegality of questions which have not been asked. The judgment of the District Court will be

Affirmed.

BURGER, Circuit Judge, took office after this case was heard and took no part in its consideration and decision.

1. Cf. National Lawyers Guild v. Brownell, D.C.Cir., 1955, 96 U.S.App.D.C. 252, 225 F.2d 552, certiorari denied 1956, 351 U.S. 927, 76 S.Ct. 778, 100 L.Ed. ——.