**NATIONAL COUNCIL OF AMERICAN–SOVIET FRIENDSHIP, Inc., et al., Appellants,**

v.

**Herbert BROWNELL, Jr., Individually and as Attorney General of the United States, et al., Appellees.**

**No. 13185.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 3, 1956.

Decided Feb. 28, 1957.

Mr. David Rein, Washington, D. C., with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for appellants.

Mr. Edward H. Hickey, Atty., Dept. of Justice, at the time of argument, with whom Asst. Atty. Gen. George Cochran Doub and Messrs. Oliver Gasch, U. S. Atty., Paul A. Sweeny and Howard E. Shapiro, Attys., Dept. of Justice, were on the brief, for appellees. Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., also entered an appearance for appellees.

Before PRETTYMAN, WILBUR K. MILLER and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellants attack the District Court's order granting summary judgment for the appellees. Now before us for the third time, this case has a protracted history which we need not review in detail since other references supply full particulars.

The District Court originally dismissed the appellants' complaint which had challenged the validity and application of Executive Order 9835 [1] and had asked injunctive relief to restrain designation of the National Council, its affiliates and certain individuals as "Communists." Relying upon our recent opinion in Joint Anti-Fascist Refugee Committee v. Clark,[2] we affirmed, Per Curiam

---

1. 12 Fed.Reg. 1935, as amended, 16 Fed. Reg. 3690, 5 U.S.C.A. § 631 note, U.S. Code Congressional and Administrative Service 1951, p. 1028.

2. 1949, 85 U.S.App.D.C. 255, 177 F.2d 79. The Court considered the claims of the National Council with those advanced by the Joint Anti-Fascist Refugee Committee and International Workers Order, Inc., 1951, 341 U.S. 123, 132, 133, 71 S.Ct. 624, 95 L.Ed. 817. Further interim developments may be discerned in Joint Anti-Fascist Refugee Committee v. McGrath, D.C.D.C.1952, 104 F.Supp. 567, certiorari denied 1953, Joint Anti-Fascist Refugee Committee v. McGranery, 345

(unreported). While the litigation was pending, the President issued Executive Order 10450 [3] in which he revoked Executive Order 9835. However, the Department of Justice was ordered to continue to furnish to department heads information described in paragraph 3 of Part III of Executive Order 9835, and accordingly, the National Council was redesignated as a Communist organization in a list of such organizations distributed on April 29, 1953.

The District Court thereafter denied the appellants' motions for injunctions *pendente lite*, and, upon the Government's motion, an order was still later entered dismissing the action as moot. We reversed,[4] pointing out that the rules issued pursuant to Executive Order 10450 provided an administrative procedure to be followed whereby an organization might contest a designation under previous Executive Order 9835. The rules allowed the filing of a notice of contest but expressly specified that failure to file such a notice within the prescribed period was to be deemed an acquiescence in such designation. The appellants, through their counsel, by letter advised the Attorney General of their rejection of the opportunity to initiate steps to achieve the administrative remedy afforded them under the rules. Even so, we concluded:

> "In view of the protracted litigation and the nature of the issues, the Supreme Court's action upon the substantial questions presented to it, and because of the possibility that it might be urged that appellants' time to seek administrative review under the rules has expired, the appellants will be given ten days from the date of the District Court's

order upon remand within which to avail themselves of the opportunity for administrative review provided in the rules. If they fail to exhaust the administrative remedy open to them, our reversal will be without prejudice to the Government's renewal before the District Court of its motion to dismiss the actions upon the additional grounds previously urged but not considered in the April 6, 1954 order." [5]

The District Court on March 7, 1955, entered its order on our mandate. Thereafter, the Government filed its motion to dismiss or, in the alternative, for summary judgment, basing its motion upon various exhibits, including appellants' counsel's letter rejecting the proffered administrative relief, and upon an affidavit that the Department's files contained no record of a "notice of contest" having been filed by the National Council and that the organization had not availed itself of the additional opportunity for administrative review, secured to the organization in our language above quoted. On November 15, 1955, Judge Youngdahl filed his memorandum opinion [6] and order granting the Government's motion for summary judgment.

■ Appellants argue, in effect, that despite their failure to exhaust the administrative remedy open to them, they are still free to challenge as invalid the listing of the National Council and to attack the listing power as unconstitutional.

As to the former point, appellants claim that the designation had been made in the first place without a hearing, that the subsequent hearing did not conform to the requirements of due process, or

---

U.S. 911, 73 S.Ct. 649, 97 L.Ed. 1346, before the case next reached us *sub nom.* Joint Anti-Fascist Refugee Committee v. Brownell, 1954, 94 U.S.App.D.C. 341, 215 F.2d 870. Pertinent additional references appear in the text *infra.*

3. 18 Fed.Reg. 2489, 5 U.S.C.A. § 631 note.

4. Joint Anti-Fascist Refugee Committee v. Brownell, 1954, 94 U.S.App.D.C. 341, 215 F.2d 870.

5. Id. at page 343, 215 F.2d at page 872; cf. Joint Anti-Fascist Refugee Committee v. McGrath, D.C.D.C.1952, 104 F. Supp. 567.

6. D.C.D.C.1955, 148 F.Supp. 94.

the Administrative Procedure Act [7] and that the Attorney General had prejudged the status and character of the Council. Such claims are not new to us, for in this case, as in not dissimilar instances, we had extensively explored the problem. We need not now elaborate on what we said in National Lawyers Guild v. Brownell,[8] for we consider that case dispositive.

We therefore do not reach appellants' remaining contentions for, as the Court has so often pointed out, it is "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." [9]

Here there has been no showing of inadequacy of the prescribed administrative relief nor has there been a demonstration of threatened or impending irreparable injury to flow from a possible delay incident to the National Council's following the authorized and prescribed procedure. Indeed, the National Council's designation was not final at the time we entered our directions that it be given an opportunity to file its notice of contest and otherwise to invoke the administrative review procedures contained in the rules following Executive Order 10450.[10] Rather, appellants insist that they may default and still continue to litigate. We find no support in the authorities for any such contention, indeed the cases are otherwise.[11] The plight of the appellants is of their own choice and of their own making.[12]

We are satisfied that the principles underlying the exhaustion rule are clearly applicable here, and the judgment of the District Court is

Affirmed.

7. 60 Stat. 237 (1946), as amended, 5 U.S. C.A. § 1001 et seq.

8. 1955, 96 U.S.App.D.C. 252, 225 F.2d 552, certiorari denied 1956, 351 U.S. 927, 76 S. Ct. 778, 100 L.Ed. 1457.

9. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638; Allen v. Grand Cent. Aircraft Co., 1954, 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933; Aircraft & Diesel Corp. v. Hirsch, 1947, 331 U.S. 752, 773, 774, 67 S.Ct. 1493, 91 L.Ed. 1796; National Lawyers Guild v. Brownell, supra note 8; Robeson v. Dulles, 1956, 98 U.S. App.D.C. 313, 235 F.2d 810 (en banc), certiorari denied 1956, 352 U.S. 895, 77 S.Ct. 131, 1 L.Ed.2d 86. Cole v. Young, 1956, 351 U.S. 536, 76 S.Ct. 861, 100 L. Ed. 1396, is not *contra*. There, the Court held that the Civil Service Commission had erroneously declined to accept the appeal of a veterans preference eligible since the controlling statute had expressly conferred a right to such an appeal.

10. Supra note 3.

11. Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Yakus v. United States, 1944, 321 U.S. 414, 433, 434, 64 S.Ct. 660, 88 L.Ed. 834; Olinger v. Partridge, 9 Cir., 1952, 196 F.2d 986, 987.

12. Cf. Fahey v. Mallonee, 1947, 332 U.S. 245, 256, 67 S.Ct. 1552, 91 L.Ed. 2030; and further compare Parker v. Lester, 9 Cir., 1955, 227 F.2d 708, 714, 715. In the latter case, unlike National Lawyers Guild v. Brownell, supra note 8, and similar cases where appropriate administrative procedures are available, the Court found the appellants with "no adequate or any remedy at law," indeed the regulations were procedurally deficient on their face.