**VETERANS OF the ABRAHAM LIN-COLN BRIGADE et al., Appellants,**

v.

**The ATTORNEY GENERAL OF the UNITED STATES et al., Appellees.**
.No. 21549.

United States Court of Appeals
District of Columbia Circuit.
Argued Oct. 22, 1968.

Decided Feb. 14, 1969.

Petition for Rehearing Denied March 14, 1969.

Mr. Leonard Boudin, Washington, D. C., with whom Mr. David Rein, Washington, D. C., was on the brief, for appellants.

Mrs. Lee B. Anderson, Atty., Department of Justice, with whom Asst. Atty. Gen. J. Walter Yeagley and Mr. Kevin T. Maroney, Atty., Department of Justice, were on the brief, for appellees.

Before BAZELON, Chief Judge, PRETTY-MAN, Senior Circuit Judge, and DANA-HER,* Circuit Judge.

PRETTYMAN, Senior Circuit Judge:

Appellants sought by court order to be removed from the Attorney General's list kept by him pursuant to Executive Order No. 10450. The District Court on cross-motions for summary judgment granted the appellees' motion and denied that of appellants. This appeal followed. We recently had a similar problem in Industrial Workers of the World v. Clark.[1] There we remanded for hearing on certain phases of the case. We think the same reasoning applies here; we apply the same rule and will enter a similar order.

In the IWW opinion we pointed out that in Joint Anti-Fascist Refugee Committee v. Brownell[2] the court held an ex-

---

* Circuit Judge Danaher became Senior Circuit Judge on January 23, 1969.

1. 128 U.S.App.D.C. 165, 385 F.2d 687 (1967), cert. denied 390 U.S. 948, 88 S.Ct. 1036, 19 L.Ed.2d 1138 (1968).

2. 94 U.S.App.D.C. 341, 215 F.2d 870 (1954).

tended time to be due an organization which had timely made plain its opposition to being put on the Attorney General's list. The point is acutely applicable here. Records [3] show that the Veterans of the Abraham Lincoln Brigade struggled constantly and vigorously for years against classification as a Communist-front organization. That its efforts were cast in proceedings concerning registration under a statutory board rather than listing under an executive order seems signally unimportant in the present posture of the controversy. The questions were basically the same, the purposes were the same, and the effects were substantially the same. First Amendment rights were involved. Moreover it seems clear that the abandonment by mutual agreement of the effort to achieve registration was a material development in the liability to listing under the Executive Order. It should be so treated under the current regulations.

Order vacated and cause remanded.

DANAHER, Circuit Judge (dissenting):

It is so that the parties by mutual agreement abandoned [1] a contest respecting the Attorney General's attempts to cause the registration of the Veterans before the Subversive Activities Control Board, pursuant to Veterans of the Abraham Lincoln Brigade v. SACB, 380 U.S. 513, 85 S.Ct. 1153 (1965). However, the registration which the Attorney General there sought pursuant to section 7

of the Subversive Activities Control Act of 1950 as amended, 64 STAT. 993, involved a quite different predicate from an issue as to the Attorney General's earlier listing under Executive Order No. 9835, or the re-listing under Executive Order No. 10450.[2]

The Veterans tell us on brief, page 12:

So here, we do not argue that there was insufficient evidence to support the conclusion of the Attorney General in listing appellant organization. We argue instead that whatever the evidence may have been, the Attorney General had no power to list the organization and that his action in so doing violated the First, Fifth and Tenth Amendments and constituted a bill of attainder.

Again, on brief the Veterans submit:

[T]he issue of evidence or witnesses is not in this case. Concededly, appellants may have lost their right to challenge the sufficiency of the evidence upon which the Attorney General's listing was originally based. But we do not contend here that the evidence was inadequate; nor do we request a hearing on the evidence. Our contention is that the Attorney General had no power to list the Veterans without regard to any evidence he may have had.

Starkly posed, the Veterans thus present a frontal attack upon the power of the Executive. So stated, it seems to

---

3. The Veterans first appeared before the Subversive Activities Control Board on November 16, 1953, to contest a registration petition by the Attorney General. Attorney General v. Veterans of the Abraham Lincoln Brigade, SACB, Docket 108–53, Dec. 21, 1965. The Veterans were continuously before the Board or the courts until April 20, 1966, when, on joint motion of the Veterans and the Attorney General, the petition was vacated. See Veterans of the Abraham Lincoln Brigade v. S. A. C. B., 380 U.S. 513, 85 S.Ct. 1153, 14 L.Ed.2d 46 (1965), vacating 117 U.S.App.D.C. 404, 331 F.2d 64 (1963).

1. The Veterans on brief here explain:
It may be fairly inferred from this course of action that on the remand of the case the Attorney General dropped the matter because he did not feel that he had sufficient evidence to establish that the Veterans was a Communist-front organization within the meaning of the Subversive Activities Control Act.

2. *Compare* Executive Order No. 10450, discussed in Joint Anti-Fascist Refugee Committee v. Brownell, 94 U.S.App.D.C. 341, 215 F.2d 870 (1954).

me apparent that the majority opinion should not stand.

An administrative remedy for an attack upon the listing had been provided. The Veterans deliberately chose to bypass the administrative channels. They seek now, fifteen years later, to explain their failure to have sought relief in respect of the listing on the ground that they preferred to attack the harsher sanctions which might have been imposed if registration had been achieved under the Subversive Activities Control Act. Our majority is remanding this case for consideration of the appropriateness of a remedy which had never been requested by the Veterans and, indeed, apparently is not desired. They have not challenged the Attorney General's listing as arbitrary nor have they claimed that the evidence was insufficient to justify the listing. They say that the Attorney General acting pursuant to the President's orders never had power to list the organization in the first place. They even ask that we overrule Industrial Workers of World v. Clark.[3]

In that case I dissented with respect to the order of remand following the second holding. But I quite agreed with the first holding as to which we were unanimous. I pointed out then that the appellants had not pursued the steps available to them to contest their designation:

No timely challenge was levied against the orders of the regulations issued pursuant thereto. No administrative relief was sought. No judicial relief was asked. My colleagues acknowledge, as they must, that the District Court did not abuse its discretion in rejecting the appellants' present attack upon designation following Executive Order 10450, National Council of American-Soviet F. v. Brownell, 100 U.S.App.D.C. 116, 243 F.2d 222 (1957).[4]

I would affirm the order of the District Court.

---

3. 128 U.S.App.D.C. 165, 385 F.2d 687 (1967), cert. denied, 390 U.S. 948, 88 S.Ct. 1036 (1968).

4. *Id.* at 172, 385 F.2d at 694 (dissenting opinion).