VETERANS OF the ABRAHAM LINCOLN BRIGADE et al., Appellants,

v.

ATTORNEY GENERAL OF the UNITED STATES et al.

No. 71–1147.

United States Court of Appeals, District of Columbia Circuit.

Argued April 14, 1972.

Decided Oct. 24, 1972.

7. Johnson v. United States, 124 U.S.App. D.C. 29, 31, 360 F.2d 844, 846 (1966)

(Burger, J., concurring) (emphasis in original).

**442**

Mr. David Rein, Washington, D. C., with whom Mr. Leonard B. Boudin, New York City, was on the brief, for appellant.

Mr. Oran Waterman, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, for appellee. Mr. Robert L. Keuch and Mrs. Lee B. Anderson, Attys., Dept. of Justice, were on the brief, for appellee.

Before BAZELON, Chief Judge, DANAHER, Senior Circuit Judge, and FRANK A. KAUFMAN,* United States District Judge for the District of Maryland.

FRANK A. KAUFMAN, District Judge:

The Veterans of the Abraham Lincoln Brigade (the Veterans), an unincorporated association whose members served in the Abraham Lincoln Brigade which fought on the losing side in the Spanish Civil War in the years before World War II, and three of those members, instituted this action in the District Court in early 1967. That Court's summary dismissal of the complaint was vacated by this Court in an opinion filed February 14, 1969, written by Judge Prettyman and joined by Chief Judge Bazelon with Judge Danaher dissenting. Veterans of Abraham Lincoln Brigade v. Attorney General, 133 U.S.App.D.C. 222, 409 F.2d 1139 (1969). Therein (at 1139,) the majority remanded this case on the same basis as this Court had earlier "remanded for hearing . . . certain phases" in Industrial Workers of World v. Clark, 128 U.S.App.D.C. 165, 385 F.2d 687 (1967), cert. denied, 390 U.S. 948, 88 S. Ct. 1036, 19 L.Ed.2d 1138 (1968). In the latter case, Judge Leventhal, writing for himself and Judge Robinson, with Judge Danaher dissenting, reviewed the original establishment in 1947 of the so-called "Attorney General's List" by Executive Order of President Truman, and its reconstitution in 1953 pursuant to an Executive Order promulgated by President Eisenhower subsequent to the Supreme Court's decision in Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951).

Industrial Workers of the World (IWW) was designated on the lists published under both the 1947 and 1953 Executive Orders. The 1953 Order provided procedures for challenging listings but required any organization which had been listed under the 1947 Order to file a written notice of such challenge within ten days from the effective date of the 1953 Order. The IWW did not seek

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1970).

a hearing within such ten-day period and while it "kept up correspondence with the Attorney General intermittently over the years protesting its inclusion in the Attorney General's List, no court challenge"[1] was instituted until 1965. Judge Leventhal held that in view of the IWW's failure timely to challenge the 1953 listing it was not an "abuse of discretion for the District Court [in the case instituted by the IWW in 1965] to refuse to consider the IWW's challenges to its 1953 listing," but added:

> That determination, however, does not dispose of the case  . . . . To say that the IWW can no longer demand a judicial hearing on the validity of the 1953 listing is a far cry from concluding that the organization is *eternally* ousted from resort to the courts for other, subsequent complaints.  It is settled that justiciable rights are involved here.  See Joint Anti-Fascist Refugee Comm. v. McGrath, *supra.*  First Amendment rights are at stake.  In such a situation we think the chief law officer of the United States is under a legal duty to adhere to minimal standards of fairness and reasonableness when he acts. [At 692; emphasis supplied.]

Additionally, Judge Leventhal commented (at 693) that "[u]ltimate resolution may come to require some consideration of the factual background for [IWW's] designation . . . ."

Like the IWW the Veterans was originally designated by the Attorney General as a Communist organization in 1948 and was placed on the reconstituted list in 1953.  When this case was last before this Court, Judge Prettyman (409 F.2d *supra* at 1140), noting that the Veterans had "struggled constantly and vigorously for years against classification as a Communist-front organization" commented specifically, in a short opinion remanding this case for further proceedings, that it presented a problem similar to that posed in the *IWW* case.  After

this Court's February 14, 1969 order and the denial of a petition for rehearing on March 14, 1969, the District Court, on November 20, 1969, in turn remanded the case "to the Attorney General of the United States for further proceedings in accordance with the opinion of the Court of Appeals dated February 14, 1969." On November 25, 1969, counsel for plaintiffs wrote the following letter to the Attorney General:

> On November 3, 1969, I wrote you on behalf of our client Veterans of the Abraham Lincoln Brigade requesting removal of its name from the Attorney General's List and, in the event of your unwillingness to do so, a statement of the grounds for your refusal. I have not received any response from you.

> Since writing you, District Judge John J. Sirica has signed the order submitted by the plaintiffs in Veterans of the Abraham Lincoln Brigade, et al. v. The Attorney General, directing that the case be remanded to you "for further proceedings in accordance with the opinion of the Court of Appeals dated February 14, 1969." A counter order submitted by the Government was not signed by the Court.

> Under the circumstances, I reiterate my request that you remove the Veterans of the Abraham Lincoln Brigade from the listing for the reasons noted in our letter of November 3. Specifically, I call your attention to the grounds stated in the decision of the Court of Appeals, i. e., "the abandonment by mutual agreement of the effort to achieve registration."

> Again I request that in the event that you should refuse to remove the Veterans of the Abraham Lincoln Brigade from the list, you be good enough to set forth specifically the ground or grounds for your refusal.

The Attorney General did not respond to, or take any action in connection with,

---

1.  Industrial Workers of World v. Clark, *supra* 385 F.2d at 688.

counsel's said letter. Subsequently, on March 5, 1970, plaintiffs filed a motion in the District Court to enforce that Court's November 20, 1969 remand order. Thereafter, on April 13, 1970, the Attorney General filed in the District Court a motion to dismiss "for the following reason":

> Pursuant to this Court's Order on Remand entered November 20, 1969, the Attorney General reviewed the matter of the listing of the plaintiff organizations under Executive Order 10450 in light of the judgment and opinion of the United States Court of Appeals for the District of Columbia Circuit.

> As a result of such review, the Attorney General on April 7, 1970, signed Order No. 428–70, amending the List of Organizations designated pursuant to Executive Order 10450, by inserting after the names of the organizations the following: "prior to April 20, 1966." The listing as amended will read as follows with respect to plaintiff organizations:

> Abraham Lincoln Brigade (prior to April 20, 1966) Veterans of the Abraham Lincoln Brigade (prior to April 20, 1966)

The Attorney General's April 7, 1970 action amending the listing was taken without any prior notice to plaintiffs and without affording the Veterans the opportunity of any hearing.

On November 25, 1970, the District Court denied, without amplification, plaintiffs motion to enforce the District Court's November 20, 1969 remand order directed to the. Attorney General. In this appeal which followed, plaintiffs once again seek to have this Court reexamine certain First Amendment and other non-procedural constitutional questions posed but not reached in both Industrial Workers v. Clark, *supra,* and in this case when it was here before. This Court declines so to do.

In Joint Anti-Fascist Refugee Committee v. McGrath, *supra,* plaintiffs [2] attacked the listing by the Attorney General pursuant to President Truman's Executive Order. The Supreme Court, in an opinion written by Mr. Justice Burton for himself and Mr. Justice Douglas, reversed the grant by the court below of motions to dismiss, holding that upon the facts alleged by plaintiffs in their complaints, which for purposes of the dismissal motions were taken as admitted, the Attorney General could not designate the plaintiff organizations as Communist without affording them "any opportunity to substantiate their allegations" (341 U.S. at 126, 71 S.Ct. at 625). Mr. Justice Frankfurter's concurrence rested on the broader basis that due process required notice and hearing before listing. Mr. Justice Douglas, in a separate concurring opinion, wrote (at 178, 71 S.Ct. at 652) that "[n]otice and opportunity to be heard are fundamental to due process of law." Mr. Justice Jackson, in his concurring opinion, expressed similar views. In all, six opinions were filed by the eight Justices who heard the case,[3] including opinions by all five of the Justices who voted for reversal. The views of the dissenters were set forth in a single opinion filed by Mr. Justice Reed for Mr. Chief Justice Vinson, Mr. Justice Minton and himself. The three dissenters wrote that the Attorney General could act, as plaintiffs had alleged he had acted, without affording an opportunity for hearing. On the other hand, only Mr. Justice Black reached the conclusion (at 143–144, 71 S.Ct. at 634) that "the executive has no constitutional authority, with or without a hearing, officially to prepare and publish the lists challenged by petitioners," because

---

2. The Joint Anti-Fascist Refugee Committee, the National Council of American-Soviet Friendship, and International Workers Order, Inc.

3. Mr. Justice Clark took no part in deciding the case.

such listing is irreconcilable with the First Amendment and also because such actions "possess almost every quality of bills of attainder" in violation of U.S. Const. art. I, §§ 9, 10. Mr. Justice Black's views were specifically rejected by the three dissenters.

Views substantially similar to those expressed by Mr. Justice Black in *Jt. Anti-Fascist* have been previously pressed upon this Court in *IWW* and when this case was here before in 1969. In each instance, an acceptance of Mr. Justice Black's thinking would have required reversals with directions to enter judgments for plaintiffs, rather than reversal and remand for further proceedings by the Attorney General. While it is of course never too late in the day to do as justice requires, in the case of this appeal it is not necessary to adopt Mr. Justice Black's position in *Jt. Anti-Fascist* in order to reverse and to order stricken the names of the Brigade and the Veterans from the Attorney General's list, and thus to eliminate the abuse of governmental process inherent in the continued listing of those organizations without affording them the hearing required by this Court's remand order.

The reason for this Court's remand order of February 14, 1969 was to afford to plaintiffs herein an opportunity for a hearing which five Justices in *Jt. Anti-Fascist* and the majority opinion of this Court in *IWW* held they were entitled to have. On remand, *without* affording any opportunity for hearing and *without* any notice to plaintiffs, the Attorney General continued the listing of the Veterans and the Brigade by adding the words: "prior to April 20, 1966." The burdens of unjustified listing, discussed by Justices Burton, Douglas, Black, Frankfurter, and Jackson in *Jt. Anti-Fascist* and by Judge Leventhal in *IWW*, are not lessened by the inclusion of those or similar words. To the contrary, those words violate the spirit of, and effectively drive a horse and wagon through, this

Court's February 14, 1969 remand order. Plaintiffs herein were entitled as a matter of their constitutional rights to have the Attorney General of the United States, the chief law enforcement officer of this country, fully and expeditiously comply with an order of this Court from which the Government sought no review in the Supreme Court. In view of the Attorney General's failure so to do, the continued listing of the Brigade and the Veterans cannot be tolerated. The judgment of the District Court is reversed and remanded to the District Court and that Court is directed forthwith to issue an appropriate order requiring the Attorney General to delist those organizations. It is so ordered.

DANAHER, Senior Circuit Judge, concurring:

When this case was last before us, *Veterans of Abraham Lincoln Brigade v. Attorney General*, 133 U.S.App.D.C. 222, 409 F.2d 1139 (1969), Judge Prettyman, writing for the majority, had ordered a remand "for hearing on certain phases" of the appellants' claim. I dissented, firmly of the opinion that the door then was being opened to permit, on constitutional grounds, a long-belated attack upon the power of the Executive. My dissent there recited language posed by appellants themselves on brief as they challenged their having been listed. I felt that their long delay in seeking such relief should bar further consideration of the grounds relied upon by the appellants. Neither then nor now did I reach issues as to the constitutionality of Executive action, first taken in 1947 with the issuance of President Truman's Executive Order 9835, later revoked and replaced by President Eisenhower's Executive Order 10540.

Instead, intervening developments point the direction we may properly take here. Judge Kaufman has correctly pointed out that we directed the District Court to remand the case "to the Attorney

General of the United States for further proceedings in accordance with the opinion of the Court of Appeals dated February 14, 1969." We find that the Attorney General took no steps to accord with the terms of the majority opinion. Instead, he adopted the device of retaining the listing of the appellants up to April 20, 1966 which date had been fixed pursuant to the joint motion of the Veterans and the Attorney General consequent upon the Supreme Court's opinion in Brigade Veterans v. SACB, 380 U.S. 513, 85 S.Ct. 1153, 14 L.Ed.2d 46 (1965). He so acted without notice to the appellants of his intended *ex parte* amendment.[1] The appellants were accorded no hearing respecting that change.

Questioned during argument of the instant case respecting the failure to comply fully with the terms of Judge Prettyman's order of remand, Government counsel found himself compelled to concede that the issues respecting designation and a continued listing of the Veterans could have been resolved only on the available evidence *as of 1970*. We were informed, "It probably would have been impossible to establish a basis for a listing." Under the circumstances I believe this business has gone far enough and this is the time to end it.[2] Judge Kaufman has made crystal clear the course of events involved in this litigation.

I thus join my colleagues in reversing the judgment of the District Court presently under scrutiny. I agree that the District Court should now be directed forthwith to issue an appropriate order requiring the Attorney General to delist the appellant organizations.

1. As to the scope of the action this Court had contemplated, *see* Industrial Workers of World v. Clark, 128 U.S.App.D.C. 165, 385 F.2d 687 (1967), cert. denied 390 U.S. 948, 88 S.Ct. 1036, 19 L.Ed.2d 1138 (1968).

2. *Compare* Brigade Veterans v. SACB, 380 U.S. 513, 85 S.Ct. 1153, 14 L.Ed.2d 46

(1965) where the Supreme Court found the "stale record" insufficient to justify further inquiry into constitutional questions. Here the Attorney General would have us assume that his amendment of the listing might be supported on the record as it stood up to April 20, 1966.