DELZER CONSTRUCTION CO. et al.,
Appellees,

v.

UNITED STATES of America et al.,
Appellants.

No. 73–1219.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1973.

Decided Dec. 4, 1973.

Thomas G. Wilson, Atty., Dept. of Justice, Washington, D. C., for appellants.

Gene R. Bushnell, Rapid City, S. D., for appellees.

Before LAY and BRIGHT, Circuit Judges, and EISELE, District Judge.*

PER CURIAM.

The Government appeals from a judgment of the United States District Court for the District of South Dakota which permanently enjoins the Federal Highway Administration (FHWA) from conducting proceedings under 23 C.F.R. § 2.1 et seq. to debar plaintiff-appellees, South Dakota contractors, for one year as construction contractors on federally-funded highway projects. We reverse because the action, as brought by appellees is premature.

In a letter dated October 18, 1971, the FHWA Administrator notified appellees that he proposed to declare their "unacceptability for employment" because appellee-Hilt Engineering Company (Hilt) had allegedly conspired with appellee-Delzer Construction Company (Delzer) to defraud the Government by using Delzer's "qualification" to bid on highway projects which were actually to be constructed by Hilt. The letter included notice that a hearing on the matter was available upon request, stating: "The hearing will be nonadversary in nature and the provisions of section 7 of the Administrative Procedure Act will not apply."

Appellees did request such a hearing, and it was scheduled initially for No-

* G. Thomas Eisele, District Judge, Eastern District of Arkansas, sitting by designation.

vember 23, 1971. At appellees' request, the hearing was postponed and, when appellees failed to suggest a more acceptable date, rescheduled for December 14, 1971. On December 10, prior to the administrative hearing, an *ex parte* temporary restraining order was sought by appellees in district court in South Dakota and was issued by District Judge Andrew Bogue. A hearing on this matter was held before him on December 20, 1971, and a preliminary injunction granted on December 30, 1971. Trial of the action was held on January 15, 1973, and final judgment rendered on February 7, 1973.

In their original complaint, appellees contended that the regulation under which the FHWA Administrator was proceeding, 23 C.F.R. § 2.1 et seq., was in violation of the fifth amendment and the Administrative Procedure Act (5 U.S.C. § 1006) because it did not provide for a hearing which comports with due process. In granting the permanent injunction, Judge Bogue agreed.[1] Such a conclusion, however, cannot be drawn as the present record remains inadequate and still incomplete.

■ The doctrine of exhaustion of administrative remedies holds an important position in our scheme of laws, allowing the agency an opportunity to exercise its discretion, apply its expertise, or, relevantly here, make a factual record upon which to base subsequent judicial review. *See* McKart v. United States, 395 U.S. 185, 193–194, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Appellees claim that their livelihood is being stripped from them in violation of their due process rights, yet they have not carried through to the

hearing stage which is theirs by right; nor, despite their complaint of expense and inconvenience, have they attempted to have the location of the hearing moved to South Dakota.

The situation here is much like that faced by the District of Columbia Court of Appeals in Robeson v. Dulles, 98 U.S. App.D.C. 313, 235 F.2d 810 (1956). In that case, the well-known singer Paul Robeson challenged the denial of a passport by the State Department by bringing an injunctive proceeding in district court without availing himself of the informal hearing on the matter proffered by the Government. The court held that the action was premature, and said:

> Robeson failed to exhaust his administrative remedies. We think he was required to do so. He did not ask for a hearing but instead asserted the invalidity of the regulation providing for one. We cannot assume the invalidity of a hearing which has not been held * * *. [235 F.2d at 811.]

■ If the hearing is actually held, the present controversy may resolve itself in any number of ways. The allegations against the appellees may be proven false and no debarment take place. *Cf.* Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962). The hearing may actually meet due process requirements even though the language of the regulation does not specify the exact manner in which the hearing will be conducted except to state that it "shall be nonadversary in nature and the provisions of section 7 of the Administrative Procedure Act shall not apply." 23 C.F.R. § 2.7(c). *Cf.* Jennings v. Mahoney, 404 U.S. 25, 92 S.Ct. 180, 30 L.Ed. 2d 146 (1971). To examine appellees' due process contentions on the present record, however, would produce the re-

---

1. In the Conclusions of Law attached to the judgment order, Judge Bogue stated:

    The regulation under which defendants are proceeding herein, 23 CFR 2, contains no provision for a hearing on the question of plaintiffs' unacceptability for employment on the highway projects in question or for a fair hearing thereon and such

    regulation and defendants' conduct herein, under the evidence, is violative of the Fifth Amendment to the Constitution of the United States and plaintiffs will be, unless defendants are restrained by this Court, deprived of their right to pursue their livelihood, all without due process of law.

sult deplored by the Supreme Court in DuBois Clubs v. Clark, 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967), and "[t]he effect would be that important and difficult constitutional issues would be decided devoid of factual content * * *." 389 U.S. at 312, 88 S.Ct. at 452.

The judgment of the district court is therefore vacated and the cause is remanded with directions to dissolve the injunction and to dismiss the action. If a hearing is held which does fail to comport with the Constitution, adequate procedures for seeking redress will remain open. *See* Gonzalez v. Freeman, 118 U.S.App.D.C. 180, 334 F.2d 570 (1964).

Reversed and remanded.