**Helen MATYA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 72–1495.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1973.

Decided April 19, 1973.

Dennis Martin, Omaha, Neb., for appellant.

Leonard J. Henzke, Jr., Atty., Tax Div., Dept of Justice, Washington, D. C., for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL,* District Judge.

LAY, Circuit Judge.

Plaintiff Helen Matya brings this appeal from the denial of a preliminary injunction sought against the United States to prevent the Internal Revenue Service from seizing and selling her retail liquor business to satisfy a tax lien filed against herself and her husband, Charles J. Matya, for wagering taxes. The tax lien was based on a jeopardy assessment issued by the government against the plaintiff and her husband in the amount of $793,703.95. Plaintiff urges that any obligation for wagering taxes is solely her husband's and she cannot be held legally liable for her husband's debts under 26 U.S.C. § 4401(a) and (c). She asserts that she is the exclusive owner and operator of the liquor store business.

Plaintiff contends, *inter alia*, that the jeopardy assessment procedure is unconstitutional insofar as it allows an ex parte summary attachment, without a hearing, against the taxpayer's property.[1] Plaintiff argues that the court has jurisdiction to enjoin the assessment against her property, notwithstanding the prohibition in 26 U.S.C. § 7421,[2] because the exceptional circumstances discussed in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962),[3] prevail here.

The government denies that the case presents any constitutional issues and urges the applicability of Section 7421, and it further moves, as it did in the district court, for a dismissal on the ground of sovereign immunity.

The fundamental difficulty with the plaintiff's case is that she has sued the wrong party.[4] The United States, as sovereign, is immune from suit without its consent. Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 141–142, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); United States v. Sherwood, 312 U.S. 584, 586–587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Gnotta v. United States, 415 F.2d 1271, 1276–1277 (8 Cir. 1969). No statute, regulation or order has been cited which shows that the United States has consented to being sued in the situation presented here. In Buck v. United States, 466 F.

---

* Sitting by designation.

1. See 26 U.S.C. §§ 6862, 6331. Plaintiff relies on Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

2. Section 7421 provides in part:
   "(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

3. The Supreme Court in *Enochs* held that Section 7421 prohibits judicial intervention in the assessment and collection of federal taxes unless "it is clear that under no circumstances could the Government ultimately prevail" and "equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.'" Enochs v. Williams Packing & Navigation Co., 370 U.S. at 7, 82 S.Ct. at 1129.

4. At this late date the government in a post-trial suggestion has indicated it would consent to a substitution of the proper party in order to permit the court to pass on the merits of the appeal. We decline the government's suggestion. Plaintiff has made no motion to substitute parties, and additionally we feel that, under the circumstances existing here, the government's suggestion is untimely made.

2d 481, 483 (10 Cir. 1972), the Tenth Circuit dismissed a similar cause of action for lack of jurisdiction saying:

"The United States, as sovereign, may not be sued without its consent and the terms of its consent define the court's jurisdiction. . . . Taxpayers present no claim that any assessment has been paid or that any application for refund has been filed.

"Taxpayers argue that if relief is not granted they will be unable to contest the validity of the penalties and will suffer irreparable harm in violation of their Fifth Amendment rights. We need not explore what remedies the taxpayers might have had or now have because we are concerned with sovereign immunity. Whatever actions the taxpayers might have maintained against the Collector of Internal Revenue . . . are unimportant because we have a suit against the United States, not against a collector."

We vacate the judgment of the district court and remand the same with directions to enter a judgment in the district court dismissing the complaint on the grounds of sovereign immunity.