**Robert B. JORDAN,
Plaintiff-Appellant,**

v.

**UNITED STATES of America and Howard Callaway, Secretary of the Army, Defendants-Appellees.**

**No. 75–1010.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1975.

Decided Sept. 22, 1975.

Clyde A. Christian, Omaha, Neb., for plaintiff-appellant.

Paul W. Madgett, Asst. U. S. Atty., Omaha, Neb., for defendants-appellees.

Before GIBSON, Chief Judge, STEPHENSON, Circuit Judge, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

■ This case involves a charge of discrimination against the plaintiff because of his race. The District Court dismissed the action after trial to the court. "[I]t may well be," held the court, "that plaintiff has failed to comply with the exhaustion requirement * * *." The court went on to find that it was "abundantly clear that there has been no racial discrimination" and dismissed the action. We affirm the dismissal, but we do not reach the merits. In this action against the sovereign there was no jurisdiction in the court below because of failure to exhaust administrative remedies.

The action grew out of a one-day suspension of the plaintiff for his alleged refusal to obey an order of his supervisor. After the initial administrative steps, which were decided adversely to plaintiff,[1] he was advised that he might appeal the order upholding the suspension by either of two routes, i. e., through the Department of the Army appeals system, or to the Civil Service Commission, or both.[2] Plaintiff elected to utilize the Army route and on March 14 he appealed, controverting the findings relied upon in the order upholding his suspension, asserting discriminatory practices with respect to his employment, and requesting that his suspension be set aside and that he be "awarded a promotion and back pay."

The U. S. Army Civilian Appellate Review Office replied to the Division Engineer that under applicable regulations, since the "issue of discrimination is timely raised with an appeal of an adverse action (suspension of less than 30 days)" the matter would be processed "in accordance with discrimination complaint procedures."[3]

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Letter of February 22, 1973, Division Engineer to plaintiff, with attachment "Appeal Rights."

2. You have the right to appeal this decision through the Department of the Army appeals system, to the Civil Service Commission, or both. Your appeal rights are explained in the attachment to this notice.

Letter of February 22, 1973, supra note 1.

3. In more detail the letter states that:

1. This office has reviewed subject appeal and has noted that the appellant appeared to be alleging discrimination as an issue in the appeal. Telephone contact with Mr. Wilbur L. Phillips, appellant's representative, on 11 April 1973, confirmed that appellant was alleging discrimination in this appeal action. 2. Civilian Personnel Regulation 700 (Change 11), Subchapter 771, Appendix C–9g(2) states that when an issue of discrimination is timely raised with an appeal of an adverse action (suspension of less than 30

Accordingly, plaintiff was advised by Mr. Williams, the Division Equal Employment Opportunity Officer at Omaha, Nebraska of the action thus taken, of the procedure to be followed as an E.E.O. complaint, and that he would have "21 calendar days to complete the informal processing of this complaint."

At this point, however, on May 11, 1973, plaintiff filed in the District Court the Bill of Complaint before us, asserting therein, in part, that "it would be blinking at reality to expect . . . [the Division Engineer or his subordinates] . . . to be able to conduct a fair hearing" and that "the instrument of February 22, 1973[4] demonstrates that the subordinates of the Division Engineer have a conflict of interest and are incompetent to conduct any proceedings for the examination of the merits of this case." (Footnote ours.)

Notwithstanding, Mr. Williams continued his attempt to resolve the matter through a meeting and consultation with the plaintiff and a hearing examiner, Mr. Frank Dolejsi.[5] The meeting accomplished nothing. Although, as plaintiff's brief concedes, "The Plaintiff was specifically told by Mr. Dolejsi that he [Mr. Dolejsi] was only conducting an interview to get the facts, that cross-examination was not allowed, that the hearing was 'administrative,' not judicial," plaintiff insisted that he then had the right to confront and cross-examine witnesses. Being denied this procedure, the plaintiff, again in the words of his brief, "saw no reason to continue the investigation which was, in effect, a mockery of justice." Thus, as the trial court put it, "plaintiff failed to cooperate with the hearing officer, and * * * Mr. Jordan himself caused his appeal to be resolved against him."

Subsequent thereto, on July 31, plaintiff was notified by the Division Equal Employment Opportunity Officer, Mr. Williams, that "Your complaint has been cancelled because of your failure to prosecute it," that "This is the final decision of the Department of the Army in your complaint of discrimination." This letter, as well, contained a comprehensive review of the proceedings to date and closed with a listing of plaintiff's rights to further review,[6] including the filing of "a civil action in an appropriate U. S. District Court within thirty (30) days of the receipt of this letter."

The Equal Opportunity Act of 1972, Pub.L. 92–261, 86 Stat. 111, 42 U.S.C. § 2000e–16 (1972), states, as to federal employees, that "All personnel actions * * * shall be made free from any discrimination based on race, color, religion, sex, or national origin." Pursuant thereto the Civil Service Commission,

---

days), the matter will be referred to the Equal Employment Opportunity Officer for processing in accordance with discrimination complaint procedures.

3. Based upon the preceding, and the telephone conversation between Mr. Joe Williams, Equal Employment Opportunity Officer, your headquarters, and Mr. Frank Dolejsi, this office, on 11 April 1973, the appeal is returned for processing in accordance with DA CPR 713.2.

Letter of April 12, 1975, U. S. Army Civilian Review Office to Division Engineer.

4. *See* note 1, *supra.*

5. *See* ¶ 3, Letter of April 12, *supra* note 3.

6. Provided you are not satisfied with this decision, you have the right to further review as follows:

a. You may appeal to the U. S. Civil Service Commission within fifteen (15) calendar days of receipt of this letter.

b. You may file a civil action in an appropriate U. S. District Court within thirty (30) days of receipt of this letter.

c. If you elect to appeal to the Commission, a civil action in a U. S. District Court may be filed within thirty (30) days of receipt of the Commission's final decision.

d. A civil action may also be filed any time after one-hundred-eighty (180) days of the date of initial appeal to the Commission, if there has not been a final decision rendered.

Any appeal to the U. S. Civil Service Commission should be forwarded direct to the Chairman, Board of Appeals and Review, 1900 E Street, N.W., Washington, D. C. 20415, with an information copy addressed to me. Upon receipt of the information copy, I will forward the record on your case to the Board of Appeals and Review.

Letter of July 31, 1973, Division Equal Opportunity Officer to plaintiff.

having the enforcement authority,[7] promulgated Equal Opportunity Regulations, specifying in detail the procedures to be followed in processing and resolving individual complaints of discrimination.[8] The private right of action provided in Section 717(c) of the 1972 Act,[9] giving (among other remedies) an aggrieved employee the right to commence an action in the federal district court in prescribed situations,[10] is relied upon by the plaintiff for jurisdiction herein.

Implicit in the scheme of attempted control of the evil of discrimination by administrative and judicial machinery is a degree of cooperation from the complaining party. A full development of the pertinent facts cannot be had without disclosure by the aggrieved employee of the facts serving as a basis for his complaint. Mr. Dolejsi's purpose was investigative. But this initial step in the administrative process was never allowed to function. The investigation of both the plaintiff's complaint concerning his one-day suspension, as well as the discrimination allegedly practiced against him, combined for purposes of investigation and disposition,[11] was effectively prevented by his refusal to cooperate therein.

We are here dealing with an action against the sovereign, since named as defendant is not only the United States but one of its officers whose conduct in the performance of his official function is the subject of complaint.[12] The doctrine of sovereign immunity bars the action, save as the sovereign consents to be sued.[13] The consent Congress has given for the type of action before us is found in Section 717(c).[14]

The plaintiff bottoms his action upon that portion of the letter of July 31, 1973 from Mr. Williams, the Division Equal Employment Opportunity Officer, advising him that "the final decision of the Department of the Army in your complaint of discrimination" rejected the complaint because, *inter alia,* of plaintiff's "failure to prosecute it," and notifying him of his rights of review, one of which was his right to "file a civil action

7. 42 U.S.C. § 2000e–16(b) (1972).

8. 5 C.F.R. § 713.201 *et seq.* (1972).

9. 42 U.S.C. § 2000e–16(c) (1972).

10. *See* note 6, *supra.*

11. *See* Letter of April 20, 1973, Division Equal Opportunity Officer to plaintiff.

12. A suit against an officer of the United States is one against the United States itself "if the decree would operate against" the sovereign; *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963); or if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration", *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act", *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949). See *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963).

*Gnotta v. U. S.,* 415 F.2d 1271, 1277 (8th Cir. 1969) (Blackmun, J.), *cert. denied,* 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970).

13. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Matya v. United States,* 478 F.2d 330 (8th Cir. 1973).

14. Civil Action by employee or applicant for employment for redress of grievances; time for bringing of action; head of department, agency, or unit as defendant

(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Section 717(c) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c) (1972).

in an appropriate U. S. District within thirty (30) days of receipt of this letter."

But in the District Court the action is, of course, subject to the legal requirements appropriate to the action, one of which, in this case, is the jurisdiction of the court, which must be first resolved, if in doubt. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Even were we to assume, with the trial court, but without so deciding, that the premature filing of the District Court action was timely, the insurmountable obstacle to jurisdiction is plaintiff's failure to exhaust the administrative remedies available to him. This failure was not the result of oversight, or confusion, but of deliberate choice.[15]

The policies underlying the exhaustion requirement find full discussion in *First Nat. Bank of St. Charles v. Board of Governors,* 509 F.2d 1004 (8th Cir. 1975), wherein we held:

> The underlying principle of this doctrine [exhaustion of administrative remedies], as expressed in *United States v. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952), is that "[s]imple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only erred but has erred against objection made at the time appropriate under its practice." *See generally* 3 K. Davis, Administrative Law Treatise, §§ 20.01–.09 (1958 and 1970 Supp.). To allow the bypass of agency expertise would be inefficient and would undermine Congressional

intent. *Far East Conference v. United States,* 342 U.S. 570, 574–575, 72 S.Ct. 492, 96 L.Ed. 576 (1952). *See also McGee v. United States,* 402 U.S. 479, 484, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); *McKart v. United States,* 395 U.S. 185, 194–195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

509 F.2d at 1007. *See also Delzer Construction Co. v. United States,* 487 F.2d 908 (8 Cir. 1973).

Upon the facts before us, in this delicate area of discrimination, it is particularly important that the agency develop a record and have the opportunity to exercise its discretion, to apply its expertise, and, possibly, to discover and correct its own errors. Nor, with respect to plaintiff's claims of futility in the administrative process, and its constitutional deficiencies, are we insensitive to the practical considerations of judicial administration, since upon a full exercise of the administrative procedures the courts may never be called upon to intervene. It is clear to us that upon these facts there should be an exhaustion of the administrative remedies.[16]

■ Exhaustion means just that. It is not enough that plaintiff takes an initial step or steps and then abandons the process,[17] as was done in this case. The situation before us is similar to that presented in *Beale v. Blount,* 461 F.2d 1133 (5th Cir. 1972) wherein the court commented upon the complainant's failure to present fully his case (*i. e.,* the alleged racial motivations involved) to the administrative board:

> Beale deliberately refused to permit the postal authorities to consider his claim that he had received the excessive punishment of dismissal solely be-

---

15. Q. [to plaintiff] Now on the Complaint that you filed, isn't it a fact that you stated that you disregarded your administrative remedies because you felt it would be winking at reality to expect the Corps of Engineers to conduct a fair hearing inasmuch as they had a conflict of interest and were incompetent to conduct any proceedings for examination of merits in the matter?
A. Yes.
Q. So effectively, you decided not to exhaust your administrative remedies?

A. Yes.
Q. And thereupon on May 11, 1973, you filed a Complaint in this matter?
A. Yes, I believe that was the date.
Paragraph XV of the Amended Bill of Complaint contains substantially the same allegations.

16. *Horn v. Schlesinger,* 514 F.2d 549 (8th Cir. 1975).

17. *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947).

cause of his race. Instead, he withheld that claim in order to raise it in the first instance in a federal court. Such a strategy, it appears to us, is calculated to disrupt the operation of the postal service's internal program aimed at the elimination of racial discrimination in employment. We are constrained to hold that Beale's refusal to raise the racial discrimination issue during the course of administrative review of the decision to terminate his postal employment is tantamount to a deliberate bypass of available administrative remedies. Exhaustion of those remedies has not taken place.

461 F.2d at 1140.

The short of it is that plaintiff's conduct, aptly characterized by the trial judge as "a failure to cooperate," effectively prevented the operation of a carefully planned administrative procedure designed to expose the truth or falsity of the very acts of which he complains. The court is without jurisdiction to entertain a case in such posture.

The judgment of dismissal is amended to show that it is based on want of jurisdiction, and as so amended the judgment is affirmed.