451 F.Supp. 683 (1978)
Geraldine DORSEY, Plaintiff,
v.
FEDERAL RESERVE BANK OF ST. LOUIS, Defendant.
No. 78-231C(2).
United States District Court, E. D. Missouri, E. D.
May 24, 1978.
*684 Louis Gilden, M. Ellen Simmons, St. Louis, Mo., Norton Y. Beilenson, Clayton, Mo., for plaintiff.
Thomas E. Wack and Edwin S. Fryer, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon defendant's motion to dismiss. This is a race discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. At issue is whether the Federal Reserve Bank of St. Louis is an "employer" under 42 U.S.C. § 2000e-5 or an "executive agency" under 42 U.S.C. § 2000e-16 and 5 U.S.C. § 105.
Plaintiff has alleged that she pursued her administrative remedies with the Equal Employment Opportunity Commission. She has not alleged that she exhausted any administrative remedies with the Civil Service Commission as provided by 42 U.S.C. § 2000e-16(b). A jurisdictional prerequisite to suit under § 2000e-16 is the filing of a charge with the Civil Service Commission. Jordan v. United States, 522 F.2d 1128 (8th Cir. 1975). Thus, if the Federal Reserve Bank is characterized as an executive agency, the suit must be dismissed.
An executive agency is "an Executive department, a Government corporation, and an independent establishment." 5 U.S.C. § 105. A Government corporation is "a corporation owned or controlled by the Government of the United States . .." 5 U.S.C. § 103. Finally, an independent establishment is "an establishment in the executive branch which is not an Executive department, military department, Government corporation, or part thereof . .." 5 U.S.C. § 104. The Federal Reserve banking system operates under the provisions of 12 U.S.C. § 1221 et seq. An examination of those sections of the United States Code convinces the Court that the Federal Reserve Bank is an "executive agency."
Recognizing the possibility of this determination by the Court, plaintiff argues that the conduct of the Federal Reserve Bank and the Equal Employment Opportunity Commission mislead her. She argues that her claim before the E.E.O.C. was prompted by representations that this was the appropriate procedure. It should be noted that the "representations" were made primarily by the E.E.O.C. and not defendant. It is unfortunate that plaintiff has been victimized by bureaucratic overreaching by that agency. However, actions of the E.E.O.C. cannot, by equitable principles or otherwise, operate to give the Court jurisdiction. Plaintiff simply may not proceed here without first complaining to the Civil Service Commission.
Accordingly, defendant's motion to dismiss will be granted.