Donald Francis MACKAY, Jr.

v.

UNITED STATES POSTAL SERVICE.

Civ. A. No. 83–4872.

United States District Court,
E.D. Pennsylvania.

Jan. 14, 1985.

272

Donald Francis Mackay, Jr., pro se.

Michael L. Martinez, Asst. U.S. Atty., Joseph J. Mahon, Jr., Office of Labor Law, U.S. Postal Service, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Plaintiff Donald Francis Mackay, Jr., an employee of the United States Postal Service ("USPS"), brings this action for discrimination based on physical handicap in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, as amended. Mackay also claims damages for "cruel and unusual treatment of a physically handicapped employee," in violation of the Eighth Amendment to the United States Constitution. Finally, Mackay alleges a cause of action for slander. Defendant USPS moves to dismiss for lack of subject matter jurisdiction over the plaintiff's claims or, in the alternative, for summary judgment because Mackay failed to exhaust administrative remedies before commencing this action.

Plaintiff was initially employed by USPS in September, 1976. Shortly after commencing employment, he suffered a back injury and began to receive benefits under the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.*, for full disability. As the result of a medical examination of Mackay, conducted at the request of the Department of Labor in 1982, the Department of Labor determined that Mackay's medical condition permitted him to return to work. On September 15, 1982, the Department of Labor discontinued Mackay's benefits and ordered USPS to restore him to limited duties as a mail handler under a Rehabilitation Program; the work limitations were imposed by the Postal Service medical officer. Mackay petitioned the Merit System Protection Board ("MSPB") for a review of that decision; that petition was dismissed for lack of jurisdiction on August 18, 1983.

In addition to petitioning the MSPB, Mackay filed a claim with the Office of Workers' Compensation Programs ("OWCP") for an alleged recurrence of his disability commencing November 5, 1982. On April 22, 1983, the OWCP rejected that claim on the grounds that Mackay had "failed to submit the necessary evidence in support of his claim." Mackay appealed to the Employees' Compensation Appeals Board ("ECAB"). On November 3, 1983, the ECAB issued an order remanding the case to the OWCP with instructions that the OWCP consider certain doctors' reports offered by Mackay but not considered by the OWCP. But there is no evidence of record of such a rehearing.

After Mackay returned to work as ordered, he received four warning letters from USPS for violating regulations regarding safety and attendance. On February 19, 1983, he received a written warning for running at work. On March 28, 1983 he received another written warning for failure to meet attendance requirements. On April 8, 1983 he received a warning for wearing improper footwear. On June 11, 1983, he received a second written warning for failure to meet attendance requirements. Following these warnings Mackay was disciplined. On July 11, 1983, he received a Note of Suspension for seven days. On August 4, 1983, he received notice that his periodic step increase would be withheld. On September 29, 1983, he was suspended again for seven days.

Mackay filed the present action against USPS on October 6, 1983. Thereafter, he lodged an informal complaint with the Equal Employment Opportunity Commission ("EEOC") officer at USPS concerning the September 29, 1983 suspension. Reports dated October 8, 1983 and October 12, 1983 stated that this disciplinary action was not the result of discrimination based on handicap. On October 26, 1983, plaintiff filed a formal EEOC complaint of discrimination alleging that an incident occurring on October 6, 1983 (the date this suit was filed) was the most recent act of discrimination. Nothing in the record reveals the nature of this particular alleged discriminatory act. On November 30, 1983, plaintiff was notified of receipt of this formal complaint but in December he was informed that the formal complaint was not sufficiently specific regarding the alleged discriminatory act. Mackay was allowed seven days to provide more specific information; because this was not provided, plain-

tiff's formal complaint was cancelled for lack of prosecution on February 6, 1984.

The issue presented is whether or not the court has jurisdiction to consider Mackay's claims; each claim must be separately considered.

## WORKMEN'S COMPENSATION CLAIM

■ Mackay has contended that he is not fit for employment as determined by the OWCP. On his appeal from the determination, the ECAB remanded the case to the OWCP on November 3, 1983 to consider doctors' reports offered by Mackay in connection with his claim of a recurrence of disability commencing November 5, 1982. There is no record that such reconsideration was made; if a *de novo* decision adequately setting forth the basis relied upon has not been issued, Mackay should petition the ECAB to require that reconsideration because the April 22, 1983 decision of the OWCP has been set aside. If Mackay was improperly ordered fit for duty, or not placed on light duty status if that was required, he may be entitled to compensation or other relief but he must pursue this matter administratively.

The ECAB, appointed by the Secretary of Labor, makes final decisions on appeals taken from determinations and awards with respect to claims of employees; 5 U.S.C. § 8149. This action is not subject to review by the court, 5 U.S.C. § 8128(b); *DiPippa v. United States,* 687 F.2d 14 (3d Cir.1982), or another agency. Neither the MSPB nor this court have authority to consider or review compensation claims.

## DISCRIMINATION BASED ON HANDICAP

A private cause of action for relief from discrimination based on handicap by the federal government may arise under either § 501 or § 504 of the Rehabilitation Act as amended in 1978. Under § 501, Title VII, administrative remedies must be exhausted first. This is not expressly required under § 504, which prohibits handicap discrimination under any program receiving federal assistance, or activity conducted by an executive agency or by USPS. Handicapped persons claiming discrimination by a recipi-

ent of federal assistance or provider of federal assistance are entitled to the remedies of Title VI by the express provisions of § 505(a)(2). Title VI does not require exhaustion of administrative remedies prior to suit.

The issue is whether § 505(a)(1) or § 505(a)(2) applies if § 504 provides a cause of action for handicap discrimination by USPS. If § 505(a)(2) applies, Mackay may bring this action whether or not he has exhausted Title VII administrative remedies. But if § 505(a)(1) not § 505(a)(2) applies, to a § 504 claim against USPS, or if there is no cause of action against USPS under § 504 and claims of handicap discrimination against USPS can only be asserted under § 501, Mackay may not maintain this action until he has exhausted the Title VII administrative remedies that are a prerequisite to court action. It would then remain to be determined whether or not he has done so.

Mackay claims a violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794 only; the Government's brief addresses § 501 of the Rehabilitation Act, 29 U.S.C. § 791, exclusively. Since plaintiff is proceeding *pro se,* we will consider whether his complaint may be maintained under either § 501 or § 504.

## CLAIMS ARISING UNDER § 501 OF THE REHABILITATION ACT

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, addresses the employment of handicapped persons by the federal government. Subsection (b) provides, in pertinent part, that:

[e]ach department, agency, and instrumentality (including the United States Postal Service and the Postal Rate Commission) in the executive branch shall, within one hundred and eighty days after September 26, 1973, submit to the Civil Service Commission and to the [Interagency Committee on Handicapped Employees] an affirmative action program plan for the hiring, placement, and advancement of handicapped individuals in

such department, agency, or instrumentality.

Since 1978, the functions of the Civil Service Commission have been delegated to the EEOC. *See* Section 4 of the 1978 Reorganization Plan No. 1, 43 Fed.Reg. 19,807.

Although § 501 does not expressly prohibit employment discrimination based on handicap, regulations adopted under this section provide that federal departments, agencies, and instrumentalities "shall not discriminate against a qualified physically or mentally handicapped person." 29 C.F.R. § 1613.703 (1984).[1] Also, Section 505(a) provides for court review of complaints of violation of § 501 after the administrative remedies of Title VII have been exhausted. Section 505(a)(1), 29 U.S.C. § 794(a)(1), provides:

> The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e–5(f) through (k)), shall be available, with respect to any complaint under section 791 [§ 501 of the Rehabilitation Act] of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

Section 717 of the Civil Rights Act of 1964, 42 U.S.C. 2000e–16 (Title VII), permits an aggrieved employee of the federal government, including an employee of the United States Postal Service, to file a civil action in a federal district court for a review of the final administrative disposition of a complaint of employment discrimination or the failure to take final action on such a complaint.

However, certain administrative actions must be taken by the aggrieved employee before a civil action may be filed. *See Smith v. United States Postal Service,* 742 F.2d 257 (6th Cir.1984); *Prewitt v. United States Postal Service,* 662 F.2d 292 (5th Cir.1981). The employee must first seek redress in the agency, department, or instrumentality that allegedly discriminated against him. 42 U.S.C. §§ 2000e–5(f)(1) and 2000e–16(c); *see* 29 U.S.C. § 794a(a)(1). The employee must bring the claim of discrimination to the attention of an EEOC counselor within thirty (30) days of the alleged incident. 29 C.F.R. § 1613.213. If the issue is not resolved through this informal administrative procedure, the employee must file a formal written complaint within fifteen (15) days of the final interview on the informal complaint; 29 C.F.R. § 1613.-214(a)(1). If the decision on the formal complaint is adverse to the claimant, he may then and only then file a suit in District Court within thirty (30) days; 42 U.S.C. 2000e–16; 29 C.F.R. §§ 1613.281 and 1613.282. *See Brown v. General Services Administration,* 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976).

At the time this civil action was filed, Mackay's informal complaint had not yet been resolved. The informal complaint was later resolved against him and he filed a formal complaint with the EEOC after this action was instituted. But Mackay's formal administrative complaint was cancelled for lack of prosecution because he failed to make any response to a request that he provide more specific information within seven days. Therefore, we are not faced with a court filing before subsequent

---

1. Administrative procedures for the investigation and resolution of complaints based on § 501 of the Rehabilitation Act and 29 C.F.R. § 1613.703 are provided by § 1613.708 of the Code of Federal Regulations:

An agency shall provide regulations governing the acceptance and processing of complaints of discrimination based on a physical or mental handicap which comply with the principles and requirements in §§ 1613.213 through 1613.283 and §§ 1613.601 through 1613.643.

final administrative action but a court filing where the agency was subsequently unable to act by the inaction of the complainant.

■ An important aspect of the statutory and regulatory scheme for the determination of discrimination complaints is the cooperation of the complaining party. The aggrieved party is required to disclose the facts upon which a complaint is based. The exhaustion requirement is not met by plaintiff's taking the initial administrative steps and then abandoning the process. *Aircraft & Diesel Equipment Corp. v. Hirsch*, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796 (1947); *Jordan v. United States*, 522 F.2d 1128, 1132 (8th Cir. 1975); *Beale v. Blount*, 461 F.2d 1133, 1140 (5th Cir.1972). Exhaustion of administrative relief before resorting to the courts does not require mere initiation of prescribed administrative procedures; they must be pursued to their conclusion. There must be final administrative action or the opportunity for final administrative action. Mackay failed to exhaust his administrative remedies and therefore may not now pursue in court claims of handicap discrimination under § 501.[2]

## CLAIMS ARISING UNDER § 504 OF THE REHABILITATION ACT

■ Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides, that:

[N]o otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance *or under any program or activity conducted by any Executive Agency or by the United States Postal Service.* (Underlined portion added by the 1978 Amendments to the Act.)

Section 505(a)(2) of the Rehabilitation Act, as amended, 29 U.S.C. § 794a(a)(2), provides that:

[t]he remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d *et seq.*) shall be available to any person aggrieved by any act or failure to act by *any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.* (Emphasis supplied). [Section 504 of the Act].

Section 505 was added to the Handicapped Act by the Senate contemporaneously with the House amendment of § 504 (29 U.S.C. § 794) in 1978; both amendments were retained by the Joint Conference Committee. *See Prewitt*, 662 F.2d at 302–304. Amended § 504 prohibits handicap discrimination by recipients and providers of federal assistance and "any Executive agency or by the United States Postal Service." But new § 505, 29 U.S.C. § 794a(a)(2), that provides the Title VI remedy refers only to

2. The EEOC letter of February 8, 1984 that cancelled Mackay's formal complaint included a statement of appeal rights. The letter stated that plaintiff, "[i]n lieu of an appeal to the EEOC [Office of Review and Appeals] ... may file a civil action in an appropriate U.S. District Court within 30 calendar days of receipt of this final agency determination." Government Exhibit 11. The wording of this letter may understandably have given Mackay the erroneous impression that his claim was reviewable on the merits by appeal to the Office of Review and Appeal or in District Court but only the cancellation was then reviewable. Mackay may have been under the belief that the cancellation was a "final agency determination" as the letter suggests. If the cancellation for lack of prosecution were a final agency determination, this court would be faced with the issue of whether

a claimant's exhaustion of administrative remedies after filing in district court permits the exercise of jurisdiction by this court.

USPS has the authority to extend the time limits for filing a formal EEOC complaint: The agency shall extend the time limits in this section: (i) when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency. 29 C.F.R. § 1613.214(a)(4) (1984). If USPS extends the time limits to refile the cancelled claim, Mackay may still be able to exhaust his administrative remedies. *See Ross v. USPS*, 696 F.2d 720 (9th Cir.1983).

recipients and providers of federal assistance and *not* to USPS.

This omission of employees of USPS from those aggrieved persons for whom a Title VI remedy is available is consistent with the Supreme Court's decision in *Brown*, where the Court held the district court had no jurisdiction over a federal employee's discrimination claim under 42 U.S.C. § 1981 because Title VII provides the exclusive remedy for claims of discrimination in federal employment. The Court found that the legislative history demonstrated that Congress intended Title VII "to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." 425 U.S. at 829, 96 S.Ct. at 1966. Although § 504 was amended thereafter, the difference between § 505(a)(1), which supplies Title VII remedies, and § 505(a)(2), which supplies Title VI remedies to a limited group not specifically including employees of USPS, demonstrates that USPS employees as other federal employees must use the "exclusive, pre-emptive administrative and judicial scheme" of Title VII to remedy public job-related handicap discrimination.

In *Prewitt*, the Court found:

> [B]y its 1978 amendments to the Rehabilitation Act, Congress clearly recognized both in section 501 [29 U.S.C. § 791] and in section 504 [29 U.S.C. § 794] that individuals now have a private cause of action to obtain relief for handicap discrimination on the part of the federal government and federal agencies.

662 F.2d at 304. *Prewitt* reasoned that, since the amended Act is unclear as to procedures available to an aggrieved USPS worker, "the rule is to give effect to both [amendments] if possible." *Id.* The Court held that a federal employee seeking redress for employment discrimination on the basis of handicap must exhaust the administrative remedies of Title VII; it did not explicitly discuss whether Title VI was applicable because of § 505(a)(2) (29 U.S.C. § 794a(a)(2)).

In *Smith v. United States Postal Service*, 570 F.Supp. 1415, 1419 (E.D.Mich. 1983), *aff'd*, 742 F.2d 257 (6th Cir.1984), the Court held that "[t]he 1978 amendments to the [Rehabilitation] Act mandate exhaustion as a prerequisite to ... claims, regardless of whether they are brought under section 501 [29 U.S.C. § 791] or section 504 [29 U.S.C. § 794]." *Id.*, 742 F.2d at 262.

In *Consolidated Rail Corporation v. Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 1249, 79 L.Ed.2d 568 (1984), the Supreme Court held that employment discrimination is actionable under § 504 when the employee receives federal financial assistance whether or not the "primary objective" of the assistance is "to provide employment." The Court recognized that § 505(a)(2) provides the remedies set forth in Title VI and that Title VI, unlike Title VII, does not require exhaustion of administrative remedies. But *Darrone* involved a federal recipient of assistance, Conrail, not USPS, which is referred to specifically as a separate entity in § 504. *Darrone* did not address the exhaustion of remedies in an action by a USPS or other federal employee. A USPS or other federal employee alleging any employment discrimination, even a claim of handicap discrimination under either § 501 or 504, must still exhaust Title VII administrative remedies before seeking redress in the district court in the absence of express statutory authority to the contrary. *Smith*, 742 F.2d at 262; *Prewitt*, 662 F.2d at 304; *but cf., Bey v. Bolger*, 540 F.Supp. 910 (E.D.Pa.1982) (held cause of action implied under § 504(a) but claim rejected on merits; exhaustion under Title VII not addressed where administrative remedies had been pursued before MSPB for non-work related physical disability). *See generally, Brown*.

Whether Mackay's claim is brought under § 501 or § 504,[3] it is clear that Title

---

3. *But see Smith v. United States Postal Service*, 570 F.Supp. 1415, 1419 n. 2 (E.D.Mich.1983), *aff'd*, 742 F.2d 257 (6th Cir.1984). In the district court opinion in *Smith*, Judge Joiner held that "a private action for employment discrimination can not be brought against the Postal Ser-

VII administrative procedures must be exhausted. Plaintiff Mackay has failed to exhaust the remedies available to him under Title VII, *see* 42 U.S.C. §§ 2000e–5(f)(1) and 2000e–16(c), because his formal complaint to the EEOC lacked specificity and he failed to provide further information on request. Thus, plaintiff's complaint was cancelled for lack of prosecution. Because plaintiff has failed to exhaust his administrative remedies, this court has no jurisdiction to consider the merits of plaintiff's claim at this time. Mackay can only try to reinstitute his administrative claim for the prior alleged discrimination.

But plaintiff Mackay is not without redress for continuing discrimination or future discrimination claims. If plaintiff believes he is presently subjected to discrimination on the basis of his handicap, related or unrelated to the earlier incidents, he may reinstitute administrative proceedings at the informal complaint stage with the USPS EEOC counselor (if the informal complaint is made within thirty (30) days of the alleged discriminatory action). The court cannot say on the present record whether or not Mackay might establish discrimination based on handicap. The gravamen of his complaint here is deductions from his pay for absences and rule violations that he alleges resulted from his failure to recover from a work-related injury. However, there is no record of any recourse to a grievance procedure under any Collective Bargaining Agreement.

To recover for discrimination based on handicap, a plaintiff must prove one of the following:

a) intentional discrimination for reasons of social bias;

b) neutral standards of employment which have a disparate impact on the handicapped; or

c) surmountable impairment barriers (*i.e.,* breach of the duty to make reasonable accommodation).

*Prewitt,* 662 F.2d at 305, n. 19. *See* Note, *Accommodating the Handicapped: The Meaning of Discrimination Under Section 504 of the Rehabilitation Act,* 55 N.Y. U.L.Rev. 881, 883–84 (1980).[4]

▮ Intentional discrimination or social bias has not been alleged here. Disparate impact of neutral standards is implicated by Mackay's complaints of discipline for unauthorized absences and safety rule violations. But an employer need not tolerate absence without leave at the discretion of the individual employee. If the leave is required for reasons of illness or handicap, that determination must be made by the administrative process of the Department of Labor and the decision is not subject to court review. 5 U.S.C. § 8128(b). Neither can Mackay ignore rules for the safety of all workers, including himself, in order to accommodate his physical problems in the workplace. However, physical inability to comply with safety rules may be considered lack of fitness for work by the Department of Labor.

▮ It is quite possible there has been a breach of the duty to make reasonable accommodation to Mackay's handicap in the workplace, that is, there may be surmountable impairment barriers. Section 504 prohibits "otherwise qualified" individuals from being discriminated against "solely by reason of his handicap." An "otherwise qualified" person is one who is able to meet

---

vice under § 794 [504] of the Rehabilitation Act." 570 F.Supp. at 1419 (footnote omitted). The court observed that the proscription against handicap discrimination in § 504 (29 U.S.C. § 794) included the USPS, but the accompanying remedies section, § 505(a)(2) (29 U.S.C. § 794a(a)(2)) did not expressly refer to USPS discrimination. 570 F.Supp. at 1418–19. However, in affirming the district court, the Court of Appeals as in *Prewitt,* 662 F.2d 292, held that a claim could be maintained under either § 501 or § 504 [29 U.S.C. §§ 791 and 794], but that

Title VII administrative remedies must be exhausted before either a § 501 or § 504 claim is instituted in district court.

**4.** In a recent Supreme Court decision, *Alexander v. Choate,* — U.S. —, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985), the Court affirmed that in some instances, the handicapped may make challenges under the Rehabilitation Act without proving that the alleged discrimination was intentional.

all of a program's requirements in spite of his handicap. *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979).

■ In a "surmountable barrier" discrimination claim, the employer has an obligation to provide reasonable accommodation for the handicapped individual. *Prewitt,* 662 F.2d at 307. The plaintiff must show that he is an "otherwise qualified handicapped individual." The employer then has the burden of persuasion to show that a "reasonable accommodation" cannot be made. *Prewitt,* 662 F.2d at 308. Factors to be considerd in determining whether an accommodation would impose an undue hardship on the operation of the agency would include: "(1) [t]he overall size of the agency's program with respect to the number of employees, number and type of facilities and size of budget; (2) the type of agency operation, including the composition and structure of the agency's work force; and (3) the nature and the cost of the accommodation." *Prewitt,* 662 F.2d at 308 (quoting EEOC regulation, 29 C.F.R. § 1613.704).

■ The individual is not otherwise qualified unless any employment barrier is surmountable without substantial modification in the requirements of the position or undue administrative or financial burden on the federal agency. That determination cannot be made on this record; it must be made administratively before court review. *Cf., Nelson v. Thornburgh,* 567 F.Supp. 369 (E.D.Pa.1983) with *Bey v. Bolger,* 540 F.Supp. 910 (E.D.Pa.1982).

The court is of the view that the OWCP, particularly its Division of Vocational Rehabilitation, should take an interest in this case; it has previously called to the attention of the USPS the fact that rehabilitation through reemployment can reduce the cost of compensation and benefit the injured worker. (Defendant's Response filed June 14, 1982; Exhibit E). An administrative effort must be made to resolve the reemployment issues concerning Donald Mackay to avoid unnecessary compensation payments and for the sake of his own pro-

ductivity; that administrative effort might include additional medical and psychiatric examinations to determine fitness for work as well as terms and conditions of his employment status.

## MSPB APPEAL

■ It is stated in the Government submissions that Mackay petitioned the MSPB for a review of the Department of Labor decision that plaintiff was reemployable and that the MSPB petition was dismissed for lack of jurisdiction on August 18, 1983. The decision and the basis for that determination have not been made part of the record before this court.

If Mackay's claims concerned the termination of his workman's compensation, neither the MSPB nor this court would have jurisdiction for the reasons previously stated. OWCP and ECAB jurisdiction is exclusive and unappealable. 5 U.S.C. § 8128(b). If his claim concerned handicap discrimination, the MSPB might have deemed it necessary for Mackay to proceed before the EEOC under Title VII.

But if the claim were for some other employment decision of which the MSPB had jurisdiction, this court would have the right to review a timely appeal from a final MSPB decision; 5 U.S.C. § 704. The scope of judicial review would be limited to a determination that the applicable law and procedures were complied with and the employment decision was supported by substantial evidence and not arbitrary and capricious; 5 U.S.C. § 706. *Alsbury v. United States Postal Service,* 530 F.2d 852, 854 (9th Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976). The review must be on the agency record; in the absence of any record from the MSPB review is not possible. Therefore, Mackay's complaint (attached hereto as an Exhibit) cannot be construed as an appeal from the MSPB decision, even under the liberal rules applicable to *pro se* pleadings.

## SLANDER

■ Plaintiff claims Government officials have slandered him because USPS was suggesting that Mackay's medical rea-

sons for failure to report to work were not justified. But the Government is immune from suit without its consent. The limited right to sue granted by the Federal Tort Claims Act does not include libel and slander claims against the Government. 28 U.S.C. § 2680(h); *Hoesl v. United States,* 629 F.2d 586 (9th Cir.1980); *Quinones v. United States,* 492 F.2d 1269 (3d Cir.1974). There being no other statutory authority, the court cannot entertain Mackay's cause of action for slander.

## CRUEL AND UNUSUAL TREATMENT

■ Plaintiff alleges "cruel and unusual treatment of a physically handicapped employee" in violation of the Eighth Amendment to the United States Constitution. This court has jurisdiction of a civil action arising under the Constitution of the United States' 28 U.S.C. § 1331. A direct action for damages will lie for violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." This Amendment proscribes torture and other barbarous methods of punishment for crime. *Estelle,* 429 U.S. at 102, 97 S.Ct. at 290. The Amendment does not provide a remedy for deprivation of rights arising out of civil employment by the federal government. Therefore, although the court does have jurisdiction to consider plaintiff's Eighth Amendment claim, it fails to state a cause of action and summary judgment must be granted for the Government.

Court in the Eastern District
of Pennsylvania

**NS**

FILED

OCT - 6 1983

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

CA83-4872

Plantiff

Donald Francis Mackay Jr

US

United States Postal Service
Phil Bulk mail Center
Complaint

I am a Partially recovered EmPloye

I was injured in the Phil, Bulk mail center in the fall of 1976 I had to undergo a Spinal fusio and a Laminectomy. which has Left me Permanetly dissabled. I the Fall of 1982 I was Returne to work, order of the Dept of Lab. Since that time my health due to my back has been casing me to Loos

time in my employment. If I am out from work the management AWOL's me and suspends me from service, this is harrassment and discrimination of a handicapped employee. I am swing the Postal service for $10,000,000 in damages and a clean record at work, repeal of all awol's and ~~~~~~~~~~~~~~~~~~~

Sick Lec ie and ANNUAL LEAVE Restored since my operation in 1976. I would like a Jury trial.

Sincerely
Donald Francis Mackay
3349 Bowman St
Ph'c, Pa 19129