**AMERICAN POSTAL WORKERS UNION, PHILADELPHIA, PA AREA LOCAL, AFL–CIO**

v.

**UNITED STATES POSTAL SERVICE, PHILADELPHIA, PA.**

Civ. A. No. 86–2651.

United States District Court, E.D. Pennsylvania.

Dec. 30, 1986.

Nancy B.G. Lessen, Philadelphia, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff American Postal Workers Union, Philadelphia Area Local ("Union") instituted this complaint to vacate an arbitration award sustaining the removal of Thomas Noon, a former Postal Service employee and Union member. The Union contends that Mr. Noon was fired without a fitness for duty examination required by the National Collective Bargaining Agreement, and that his removal constituted a violation of the Rehabilitation Act, 29 U.S.C. § 791 (1973). Defendant United States Postal Service moved for dismissal of plaintiff's claim and alternatively, for summary judgment. Plaintiff similarly moved for summary judgment. For the reasons stated herein, defendant's motion for summary judgment will be granted and all other motions will be denied.

## FACTS

The facts are undisputed. In 1982 before he began work for the Postal Service, Mr. Noon suffered injuries in a non-work-related automobile accident. After working approximately nine months with the Postal Service, Mr. Noon's lingering injuries caused him to request temporary light duty. This was granted and he was limited to working no more than four hours per day. At the expiration of that temporary light duty period, Mr. Noon repeatedly sought its extension. On July 2, 1983, Mr. Noon sought again to be assigned to temporary light duty. The Postal Service's medical officer instead put Mr. Noon on permanent light duty. Subsequently, the Postal Service determined that Mr. Noon could not perform his duties and terminated his employment.

Mr. Noon and the Union contested this decision before an arbitrator pursuant to the Collective Bargaining Agreement ("CBA"). The arbitrator found that the Postal Service could remove an employee with less than five years experience who was physically unable to perform his work. Moreover, the arbitrator found that the Postal Service was not required to give Mr. Noon a fitness for duty examination before his termination.

Plaintiff contends that the arbitrator's decision contravenes the Rehabilitation Act and is not drawn from the essence of the CBA.

Defendant urges the court to dismiss plaintiff's complaint or to grant summary judgment for defendant based upon three contentions: (1) the court lacks subject matter jurisdiction over this complaint because Mr. Noon failed to exhaust his administrative remedies with respect to plaintiff's claims of handicap discrimination; (2) plaintiff has failed to state a claim against defendant because it is a local Union and, as such, lacks standing to seek to vacate the arbitration award; and, (3) the complaint has not alleged sufficient grounds upon which to vacate the award at issue.

## ANALYSIS

Summary judgment may be entered pursuant to Rule 56 when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is not appropriate to dispose of a matter by summary judgment if there is even a slight doubt as to the facts. *Tomalewski v. State Farm Life Insurance Co.*, 494 F.2d 882, 884 (3d Cir. 1974).

The moving party bears the burden of pointing to the portions of the record which demonstrate that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, —— U.S. ——, ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court must view all of the inferences in the light most favorable to the non-moving party, must resolve all doubts against the moving party, and must take as true all allegations of the non-moving party which conflict with the moving party's allegations. *Continental Insurance Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982); *Hollinger v. Wagner Mining Equip. Co.*, 667 F.2d 402, 405 (3d Cir.1981).

The issues in the present case are properly resolved through summary judgment.

■ The court finds that plaintiff has standing to seek to vacate the arbitration award because it is a local Union that was authorized by the national union to commence this action.

■ Plaintiff's Rehabilitation Act claims may not be raised before this court because Mr. Noon, the employee, failed to exhaust administrative remedies. 29 U.S.C. § 794a(a)(1) and 42 U.S.C. § 2000e–16(c). It is settled that administrative actions must be taken by the aggrieved employee before a civil action may be filed. *Smith v. United States Postal Service*, 742 F.2d 257 (6th Cir.1984); *Prewitt v. United States Postal Service*, 662 F.2d 292 (5th Cir.1981); *Mackay v. United States Postal Service*, 607 F.Supp. 271 (E.D.Pa.1985). The employee must first seek redress from the agency that discriminated against him. 42 U.S.C. §§ 2000e–5(f)(1) and 2000e–16(c). In addition, the employee must bring the claim of discrimination to an EEOC counselor within 30 days of the alleged incident. 29 C.F.R. § 1613.213. If the dispute is not resolved at that point, the employee can file a formal written complaint, 29 C.F.R. § 1613.214(a)(1), and then, upon an adverse decision, the complainant may bring his case before the district court. 42 U.S.C. § 2000e–16; 29 C.F.R. §§ 1613.281 and 1613.282.

It is undisputed that Mr. Noon failed to bring his handicap discrimination complaint either to the agency or to the attention of the EEOC. As a result, this court lacks subject matter jurisdiction over the Rehabilitation Act claims. *DelaTorres v. Bolger*, 781 F.2d 1134, 1135 (5th Cir.1986); *Gardner v. Morris*, 752 F.2d 1271, 1279 n. 7 (8th Cir.1985); *Mackay v. United States Postal Service*, 607 F.Supp. 271, 275, 278 (E.D.Pa.1985). Summary judgment for defendant is therefore appropriate and will be granted on this issue.

■ The remaining issue is whether the arbitrator's decision violates the CBA. Where an arbitrator's jurisdiction is established by the CBA, an arbitration award should be enforced so long as it is rationally derived from the agreement. *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123 (3d Cir.1969); *Lionel Leisure, Inc. v. Warehouse Employees Union Local 169*, 607 F.Supp. 712 (E.D.Pa.1985). The arbitrator's ruling draws its essence from the CBA:

... if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award.

*Ludwig Honold Mfg. Co., supra*, 405 F.2d at 1128 (footnote omitted). Even if the arbitrator misconstrued the contract, that will not open the award to judicial review. *Ludwig Honold Mfg. Co., supra*, 405 F.2d at 1128. Only if the arbitrator manifestly disregards the express provisions of the contract may his decision be overturned. *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir.1985) (*quoting Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir.1969)).

In this instance, the arbitrator construed relevant portions of the Personnel Operations Handbook, which is incorporated by reference into the National Collective Bargaining Agreement. Section 341 of that handbook deals with limited duty assignments. The employer may temporarily assign an employee to light duty "when the employee is unable to perform the full duties because of medical reasons." § 341.1. Section 341.2 states that "[i]f, after a reasonable period of limited duty, the employee is unable to perform the full duties of the craft, and continues to bring medical substantiation of inability to perform ... a request by the personnel office, ... should be made for a fitness for duty examination." Where an employee with less than five years service suffers from a disability, the employer "should have a fitness for duty examination by a postal medical officer or other authority.... If the fitness for duty examination corroborates

that the person is unable to perform the duties of the position, he should be separated." Section 342.51.

Apparently, the arbitrator interpreted this "should" language to mean that a fitness for duty examination was merely optional, and that the procedure was extraneous where all the medical evidence, in the arbitrator's estimation, indicated that the employee was incapable of fulfilling his regular duties. The arbitrator's decision seems to be based on his finding that Mr. Noon's physician and the medical officer at the Postal Service were in substantial agreement as to Mr. Noon's condition.

Section 343.52, headed "Management Decision, Permanent Action," states:

.52 Permanent Action. *If the fitness-for-duty examination corroborates that an employee who has less than the 5 years service requirement for disability retirement is unable to perform the duties of the positions, the employee should be separated.*

■ The language of Section 343.52 indicates that an employee with less than five years of service may be separated from the service for a disability *if* the fitness for duty examination reveals that the employee cannot perform his duties. It is undisputed that no such examination ever took place; therefore the contingency for firing a disabled employee was not met.

■ This court finds that the arbitrator rationally but incorrectly interpreted the CBA when he decided that a fitness for duty examination was not necessary. In all fairness to the arbitrator, however, the language of Sections 341.2 and 343.52 cannot be said to be clear and unambiguous on this issue. It would be clear and unambiguous if, for example, the word *"shall"* or *"must"* was used in place of the word "should" in Section 341.2 and if Section 343.52 read, *"Only after* a fitness for duty examination which corroborates ..."

The parties bargained for the arbitrator's interpretation of the CBA knowing that there was no guarantee that his interpretation would be correct. This court cannot vacate the award just because it is based upon an incorrect interpretation of the CBA. *Bernhardt v. Polygraphic Co. of America, Inc.,* 350 U.S. 198, 203, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956); *Kane Gas Light and Heating Co. v. Int'l Brotherhood of Firemen and Oilers Local 112,* 687 F.2d 673 (3d Cir.1982); *Ludwig Honold Mfg. Co., supra,* 405 F.2d at 1128. "It is the arbitrator's construction which was bargained for, and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960).

Since the arbitrator's interpretation can in *some rational way* be derived from the agreement, viewed in the light of its language, its context, etc., the court must conclude that the arbitrator's award draws its essence from the CBA and will therefore be affirmed.

An appropriate Order will be entered.

### ORDER

AND NOW, TO WIT, this 30th day of December, 1986, for the reasons stated in the accompanying Memorandum, following a thorough consideration of defendant's motion to dismiss plaintiff's claim and alternatively, for summary judgment and plaintiff's cross-motion for summary judgment and the responses thereto, and upon full review of the memoranda in support and opposition, IT IS ORDERED as follows:

1. Defendant United States Postal Service's motion to dismiss is *denied;*

2. Defendant United States Postal Service's motion for summary judgment is *granted;* and

3. Plaintiff American Postal Workers Union's motion for summary judgment is *denied.*